IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MELVIN WILLIAMS,                  )
                                  )
     Plaintiff,                   )
                                  )
     v.                           )      1:06CV00238
                                  )
CARLEEN R. MEYER,                 )
POWERSTONE TRANSPORTATION,        )
INC.,¹                            )
                                  )
     Defendants.                  )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Melvin Williams ("Plaintiff") filed this action in North Carolina state court seeking compensatory and punitive damages from Defendants Carleen R. Meyer ("Meyer") and Powersource Transportation, Inc. ("Powersource") (collectively, "Defendants"). Defendants removed the action to this court. Pending before the court is Plaintiff's motion to remand the action to state court. For the reasons stated below, the court will deny Plaintiff's motion.

---

¹ The petition for removal names the corporate defendant as Powerstone Transportation, Inc., while the complaint names Powersource Transportation, Inc. Even more confusing is Defendants' answer: Powerstone in the heading and Powersource in the text.

## I. FACTUAL BACKGROUND

Plaintiff, a citizen of North Carolina, filed this action against Meyer, a citizen of New York, and Powersource Transportation, a business both incorporated and with a principal place of business in Indiana. Meyer is a truck driver for Powersource. While driving a truck, Meyer was involved in an accident with Plaintiff, for which Plaintiff now sues for damages. According to Plaintiff's supporting brief, Plaintiff seeks $4,500 for medical expenses, $15,000 for pain and suffering, and some indeterminate amount in punitive damages.

## II. ANALYSIS

Defendants' basis for removal was diversity subject matter jurisdiction under 28 U.S.C. § 1332. Under § 1332's requirements, the only possible defect is whether Plaintiff's complaint meets the amount-in-controversy requirement. Section 1332 requires Plaintiff's complaint to state a claim for more than $75,000. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The one invoking this court's subject matter jurisdiction must "show[] that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount." 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3702, at 34 (1998 & Supp. 2006). In cases, as here, when a plaintiff has no specific amount in controversy listed in the complaint,

2

some courts state the one invoking jurisdiction must show, under a preponderance standard, that the complaint meets the amount-in-controversy requirement.  See, e.g., Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp 44, 46 (M.D.N.C. 1996).  The total amount in controversy includes any punitive damages.  See Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983).  A plaintiff's post-complaint stipulations are relevant in determining the amount in controversy when a plaintiff's complaint does not state an amount certain.  See Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003).

Plaintiff seeks $4,500 in medical expenses and $15,000 in pain and suffering, all of which appear available under the governing state law.  Under North Carolina law, Plaintiff can also recover punitive damages, but those damages cannot "exceed three times the amount of compensatory damages or two hundred fifty thousand dollars ($250,000), whichever is greater."  N.C. Gen. Stat. § 1D-25.  Plaintiff's brief suggests he seeks punitive damages in an amount no greater than three times his compensatory damages, which is $58,500.  Thus, Plaintiff seeks up to $58,500 in punitive damages and $19,500 in compensatory damages, which totals $78,000.  This amount surpasses the minimum amount-in-controversy requirement for diversity jurisdiction.  The court holds nothing suggests the amount in controversy fails, as a legal certainty, to meet the greater-than-$75,000 requirement. Alternatively, Defendant has shown, by a preponderance, that Plaintiff's complaint has an amount in controversy greater than

3

$75,000.  Thus, under either standard, Plaintiff's complaint meets the amount-in-controversy requirement.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that Plaintiff's motion to remand [6] is DENIED.

IT IS FURTHER ORDERED that the corporate defendant shall advise the court within twenty (20) days of the filing of the memorandum opinion and order of its correct name.

This the 30th day of August 2006.

_____
United States District Judge